IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

LISA J. FANIEL,

    Petitioner,

v.

WARDEN MONMOUTH COUNTY
CORRECTIONAL INSTITUTION,

    Respondent.

Civil Action
No. 17-2790 (AET)

**OPINION**

APPEARANCES:

Lisa J. Faniel, Petitioner Pro Se
M.C.C.I.
1 Waterworks Road
Freehold, NJ 07728

**THOMPSON, District Judge:**

**I. INTRODUCTION**

Before the Court is Petitioner Lisa J. Faniel's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Docket Entry 1. Based on Petitioner's affidavit of indigency, the application to proceed *in forma pauperis* is granted. For the reasons stated below, the petition shall be dismissed for failure to exhaust state court remedies.

**II. BACKGROUND**

Petitioner is a pre-trial detainee presently confined in Monmouth County Correctional Institution ("MCCI"), Freehold, New Jersey. She alleges she has been held at MCCI for at least 90

days without receiving a court date or bail hearing. Petition ¶ 13. She states that she is not a flight risk or danger to the community, and that she should be released on her own recognizance pending court dates on the charges of aggravated assault as her actions were in self-defense. *Id.* ("I should be considered for an ROR on these alledged [sic] stated charges of aggravated assault. This was all in defense of harm being caused to myself.").

Petitioner indicates she filed bail and speedy trial motions on March 6, April 4, and April 17, 2017, and that she is "waiting for a response" from the state courts. *Id.* ¶ 12. She submitted this petition for mailing on April 17, 2017.

### III. STANDARD OF REVIEW

Petitioner brings this Petition for a Writ of Habeas Corpus as a pro se litigant. The Court has an obligation to liberally construe pro se pleadings and to hold them to less stringent standards than more formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Atty. Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011), *as amended* (Sept. 19, 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998); *Lewis v. Attorney General*, 878 F.2d 714, 721-22 (3d Cir. 1989); *United States v.*

2

*Brierley*, 414 F.2d 552, 555 (3d Cir. 1969), *cert. denied*, 399 U.S. 912 (1970).

Nevertheless, a federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b)); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v. Ryan,* 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied,* 490 U.S. 1025 (1989).

**IV. DISCUSSION**

District courts have jurisdiction under § 2241 to issue a writ of habeas corpus before a criminal judgment is entered against an individual in state court, *see Moore v. De Young*, 515 F.2d 437, 441-42 (3d Cir. 1975), but "that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore*, 515 F.3d at 445-46). "The district court should exercise its 'pre-trial' habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies." *Moore*, 515 F.2d at 443.

Petitioner indicates she has filed several motions in the trial court regarding her pre-trial release and speedy trial

rights and that she is "awaiting for the review of [her] motions . . . ." Petition ¶ 9(b). It is clear from the face of the petition that Petitioner has not exhausted her state court remedies as she indicates the trial court has not ruled on all of her motions. Moreover, the petition indicates she has not presented her arguments to the New Jersey Superior Court Appellate Division and Supreme Court. *See id.* ¶ 8(b) (indicating no second appeal was filed because she "didn't think it was necessary since [she] appeared in pre-trial indictment on 4/3/17 [and she] received a letter from the law clerk and it will reviewed in 30 days for determination of motions submitted").

"'[T]he practice of exercising [federal habeas] power before the question has been raised or determined in the state court is one which ought not to be encouraged.'" *Moore*, 515 F.2d at 442 (quoting *Cook v. Hart*, 146 U.S. 183, 195 (1892)). The state courts are equally responsible for "protecting the accused in the enjoyment of [her] [federal] constitutional rights," and "comity demands that the state courts, under whose process [s]he is held ... should be appealed to in the first instance." *Id.* at 442-43 (internal quotation marks and citations omitted). As Petitioner's claims have not been exhausted in the state courts, the Court will not exercise its pre-trial habeas jurisdiction unless there are extraordinary circumstances.

Nothing in the petition suggests the state courts are incapable of addressing Petitioner's arguments or that there are special circumstances warranting federal intervention at this time. *See Moore*, 515 F.2d at 446 ("[F]ederal courts should not permit the claimed denial of a speedy trial, presented in a pre-trial application for habeas, to result in the derailment of a pending state proceeding." (internal quotation marks omitted)). Once Petitioner has presented and exhausted her claims in the state courts, "the federal courts will, of course, be open to [her], if need be, to entertain any petition for habeas corpus relief which may be presented. These procedures amply serve to protect [Petitioner]'s constitutional rights without pre-trial federal intervention in the orderly functioning of state criminal processes." *Id.* at 449. The petition is denied without prejudice.

Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from a final order denying relief from a "detention complained of aris[ing] out of process issued by a State Court" unless she has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)-(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when . . . jurists of reason would find it debatable whether the petition states a

5

valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the petition for failing to exhaust state court remedies is correct.

**V. CONCLUSION**

For the reasons stated above, the petition is dismissed without prejudice for failure to exhaust state court remedies.

An appropriate order follows.

5/16/17
Date

ANNE E. THOMPSON
U.S. District Judge